**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

LEVEL 8 APPAREL, LLC,

    Debtor.
-------------------------------------------------------------------x
ANGELA TESE-MILNER, as Trustee of the
Estate of Level 8 Apparel, LLC, Debtor,

    Plaintiff,

-against-

CAPSTONE CREDIT, LLC and
CAPSTONE CAPITAL GROUP, LLC,

    Defendants.
-------------------------------------------------------------------x

Chapter 7

Case No. 16-13164 (JLG)

Adv. Pro. No. 20-1208 (JLG)

## MEMORANDUM DECISION RESOLVING PLAINTIFF'S AND DEFENDANTS' MOTIONS FOR RELIEF UNDER SECTION 107(b) OF THE BANKRUPTCY CODE

**APPEARANCES:**

LAW OFFICE OF WILLIAM F. MACREERY
7 Granite Springs Road
Granite Springs, New York 10527
By:    William F. Macreery

-and-

The Law Firm of Tese & Milner
735 Wickham Avenue, P.O. Box 35
Mattituck, New York 11952
By:    Angela Tese-Milner

*Counsel for the Plaintiff*

KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
By:   Tracy L. Klestadt
      Andrew C. Brown

*Counsel for the Defendants*

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## Introduction[1]

Level 8 Apparel, LLC (the "Debtor") is a debtor whose voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") was converted to a case under chapter 7 of the Bankruptcy Code. In this adversary proceeding, the Trustee alleges that during the period between the Petition Date and the Conversion Date, and after the Conversion Date, from August 23, 2018 to September 20, 2020, the Debtor made unauthorized and illegal transfers and misappropriations of its property (the "Accounts Receivable") to Capstone Credit LLC ("Capstone Credit"), effected by multiple written assignments of its Accounts Receivable aggregating $45,365,535.44 and $6,044,112.35, respectively (the "Receivable Assignments"). In this action, the Trustee seeks, among other things, to avoid and recover the Receivable Assignments from Capstone Credit and Capstone Capital Group LLC (collectively, the "Capstone Defendants") pursuant to sections 362, 549 and 550 of the Bankruptcy Code. The Capstone Defendants oppose the action. They say that there is no merit to the lawsuit because, without limitation, pursuant to their Sales Representative Agreement ("SRA") with the Debtor, the Accounts Receivable are their property, and not property of the Debtor.

---

[1] Capitalized terms not defined in the Introduction have the meanings ascribed to them herein.

The Trustee and Capstone Defendants have filed cross-motions seeking partial summary judgment under the Complaint (the "Trustee SJM"[2] and "Capstone Summary Judgment Motion,"[3] respectively). In those motions, and in substance, but without limitation, the parties are asking the Court to determine the rights of the Debtor and Capstone Defendants under the SRA to the Accounts Receivable. The parties have filed exhibits in support of their respective motions (the "Trustee SJM Exhibits" and the "Capstone SJM Exhibits," respectively). Certain of those exhibits contain documents that were produced pursuant to a confidentiality agreement among the Trustee and Capstone Defendants and separate confidentiality agreements with certain of the third parties. In filing their motions, the Trustee and Capstone Defendants filed placeholders for these documents on the Court's electronic filing system rather than the documents themselves. They provided the Court with complete and unredacted versions of the documents in hard-copy form.

There are two motions before the Court. In the Trustee Motion,[4] the Trustee seeks an order (i) determining that twenty-five of the Trustee SJM Exhibits do not contain confidential commercial information and should not be sealed under sections 107(b)(1)–(2) of the Bankruptcy Code and Bankruptcy Rules 9018 and 9037; and (ii) authorizing and directing her to file on the Court's electronic filing system either (a) full unredacted copies of such exhibits, or (b) copies of such exhibits that are redacted solely with respect to: (1) social security numbers and taxpayer

---

[2]    *Memorandum of Law in Support of the Trustee's Motion for Partial Summary Judgment*, AP ECF No. 87. References to "AP ECF No." are to documents filed on the electronic docket in this adversary proceeding, Case No. 20-01208. References to "ECF No." are to documents filed on the electronic docket in the main bankruptcy proceeding, Case No. 16-13164.

[3]    *Memorandum of Law in Support of Defendants Capstone Credit, LLC's and Capstone Capital Group, LLC's Motions for Orders: (I) Granting Partial Summary Judgment, (II) Excluding the Purported Expert Report and Opinion of Ronald Quintero, and (III) Striking the Attorney Affirmation of Plaintiff's Special Litigation Counsel William F. Macreery*, AP ECF No. 80.

[4]    *Motion Pursuant to 11 U.S.C. Section 107(a) to File the Plaintiff's Exhibits on the Court's ECF System*, AP ECF No. 103.

3

identification numbers; (2) an individual's date of birth; (3) a minor's name; and (4) financial account numbers, as provided in Bankruptcy Rule 9037.  Trustee Motion 1–2.  The Capstone Defendants filed an objection to that motion (the "Capstone Defendants Objection").[5]  In turn, in their motion (the "Motion to Seal"),[6] the Capstone Defendants seek an order of the Court pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") (i) directing the Trustee to file twelve of the Trustee SJM Exhibits under seal, and (ii) authorizing them to file five of the Capstone SJM Exhibits under seal.  The Trustee filed an objection to the Motion to Seal (the "Trustee Objection").[7]  After the motions were fully submitted, and with the input and agreement of Costco Wholesale Corporation ("Costco"), the Capstone Defendants withdrew their request to seal any of the Capstone SJM Exhibits and the Trustee SJM Exhibits, except for Trustee SJM Exhibit 12, which contains the Capstone Defendants' Audited Financial Statements for the years ended December 31, 2015–21.

Accordingly, the sole matters before the Court are the competing claims in the Trustee Motion and Motion to Seal over whether the Audited Financial Statements constitute confidential commercial information under section 107(b) of the Bankruptcy Code.  The Capstone Defendants contend that they do, and, as such, they say that those documents are protected from disclosure under section 107(b).  The Trustee says that only certain entries in the financial statements qualify

---

[5]   *Defendants* [sic] *Capstone Credit, LLC's and Capstone Capital Group, LLC's Objection to the Trustee's Motion Pursuant to 11 U.S.C. Section 107(a) to File the Plaintiff's Exhibits on the Court's ECF System*, AP ECF No. 108.

[6]   *Motion of Defendants Capstone Credit, LLC and Capstone Capital Group, LLC to Seal Certain Exhibits Submitted in Support of the Parties' Respective Cross Motions for Partial Summary Judgment*, AP ECF No. 105.

[7]   *The Trustee's Opposition to the Defendants' Motion Seeking to Seal Exhibits Submitted on the Parties* [sic] *Joint Motions for Partial Summary Judgment*, AP ECF No. 109.

4

as confidential commercial information and that she should be permitted to file those statements of record unredacted, except for those entries in the statements that qualify as confidential commercial information.

The Court heard arguments on the Motions. "Because the parties' motions are basically mirror images of each other, the Court will address them together." *Quaco v. Liberty Ins. Underwriters Inc.*, No. 17-cv-7980, 2018 WL 4572249, at *2 (S.D.N.Y. Sept. 23, 2018). For the reasons stated herein, the Court denies the Motion to Seal, grants the Trustee Motion as modified on the record of the November hearing (the "Record"), and authorizes the Trustee to file the Audited Financial Statements with the redactions that her counsel set forth on the Record. Counsel to the Trustee and Capstone Defendants will meet and confer on the form of an order to include, as an exhibit, the Audited Financial Statements redacted as set forth herein, and submit it to the Court.

**Facts**

On November 14, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.[8] The Debtor remained in possession and control of its business and assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until August 22, 2018 (the "Conversion Date"), when the Court granted the motion of the Office of the United States Trustee (the "UST") pursuant to section 1112 of the Bankruptcy Code to convert the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code.[9] On August 22, 2018, the UST appointed Angela Tese-Milner, Esq., as interim

---

[8] *See Level 8 Voluntary Petition for Non-Individuals Filing for Bankruptcy*, ECF No. 1.

[9] *See Order Converting* [Level 8] *Chapter 11 Case to Chapter 7*, ECF No. 125.

chapter 7 trustee for the Debtor's estate.[10] She subsequently qualified as permanent trustee (the "Trustee").

On August 19, 2020, the Trustee filed her complaint (the "Complaint")[11] commencing this adversary proceeding (the "2020 Adversary Proceeding") against the Capstone Defendants. To facilitate discovery in the adversary proceeding, the Trustee and the Capstone Defendants entered into an agreement regarding the confidentiality of information produced through discovery (the "AP Confidentiality Agreement"). The Court "so ordered" that agreement on August 13, 2021.[12] Under the agreement, the parties designated certain categories of information as "Confidential Material." *See* AP Confidentiality Agreement ¶ 1 (defining "Confidential Material"). That information includes documents and/or other communications that contain proprietary information, specifically:

> (i) any pricing information between Capstone Defendants and third-parties, including, but not limited to, Costco Wholesale Corporation and/or any of its affiliates . . . and (ii) any contact information . . . of any third-party employees . . . provided by Capstone Defendants in response to the Trustee Discovery Demands, as well as any further discovery demands served by the Trustee in the 2020 Adversary Proceeding and/or the 2019 Adversary Proceeding . . . . includ[ing] the Tax Returns and other related information, that is the subject of the July 2019 Confidentiality Agreement and Order.[13]

*Id.* ¶ 1.

---

[10] *Notice of Appointment of Trustee Angela Tese-Milner*, ECF No. 127.

[11] *Complaint*, AP ECF No. 1.

[12] *Stipulation and Order Maintaining Confidentiality of Documents and/or Other Information Produced by Defendants in Connection with Trustee's Discovery Requests*, AP ECF No. 38.

[13] The "July 2019 Confidentiality Agreement and Order" is an order giving effect to a confidentiality agreement between the Trustee; the Trustee's accountants, EisnerAmper, LLP; and alleged insiders of the Debtor, Frank Spadero, Scott Kim, and Kuk Ja Kim. ECF No. 206.

6

After the Court approved the AP Confidentiality Agreement, Costco and Burlington Wholesale Corporation each were given rights under the agreement, such that the agreement applies with equal force and effect to any Confidential Material that they produce pursuant to subpoenas by either the Trustee or the Capstone Defendants, including pricing information, third-party financial information, or other documents that they designated as confidential.[14] The AP Confidentiality Agreement restricts the parties' abilities to use the Confidential Material "in any paper filed with the Court in the 2020 Adversary Proceeding which comprise, excerpt, reproduce, paraphrase or contain Confidential Material" only to the extent that the party seeking to use the Confidential Material must "giv[e] the producing Party's counsel five (5) business days' written notice of the intention to do so."  AP Confidentiality Agreement ¶ 3.

Discovery in the 2020 Adversary Proceeding is closed.  The Trustee and the Capstone Defendants have filed their cross-motions for summary judgment.  The parties support their respective motions with exhibits that include documents produced subject to the AP Confidentiality Agreement.

---

[14] *Stipulation for Maintaining Confidentiality of Confidential Documents Produced by Costco Wholesale Corporation*, AP ECF No. 44; *Stipulation for Maintaining Confidentiality of Confidential Documents Produced by Burlington Wholesale Corporation*, AP ECF No. 41.

After the Court approved these stipulations, the Trustee and Capstone Defendants executed an amendment to the AP Confidentiality Agreement.  *See First Amendment to That Certain Stipulation and Order Maintaining Confidentiality of Documents and/or Other Information Produced by Capstone Defendants in Connection with Trustee's Discovery Requests,* ECF No. 46.  In substance, the parties amended the definition of "Confidential Material" to include: "(i) the financial statements, along with all footnotes and supporting material related to Level 8, produced by the Capstone Defendants in response to the 2022 Trustee Document Demands (the 'Produced Financial Statements'), and (ii) to the extent produced, any management representation letters submitted by the Capstone Defendants to their auditors in connection with the Produced Financial Statements."  *Id.* ¶ 2.

**The Motions**

In the Trustee Motion, the Trustee seeks an order (i) determining that twenty-five of the Trustee SJM Exhibits do not contain confidential commercial information and should not be sealed under sections 107(b)(1)–(2) of the Bankruptcy Code and Bankruptcy Rules 9018 and 9037; and (ii) authorizing and directing her to file on the Court's electronic filing system either (a) full unredacted copies of such exhibits, or (b) copies of such exhibits that are redacted solely with respect to: (1) social security numbers and taxpayer identification numbers; (2) an individual's date of birth; (3) a minor's name; and (4) financial account numbers, as provided in Bankruptcy Rule 9037.  Trustee Motion at 1–2.

Only the Capstone Defendants responded to the Trustee Motion.  *See* Capstone Defendants Objection.  They objected to the Trustee's proposed filing of twelve of the Trustee SJM Exhibits on the Court's electronic case filing system.  Eleven of those documents are documents that the Capstone Defendants argue should be filed under seal pursuant to the terms of agreements that they have with Costco (the "Trustee Costco Documents").  The twelfth document (Trustee SJM Exhibit 12) consists of the combined year-end audited financial statements of the Capstone Defendants for 2015–21 (collectively, the "Audited Financial Statements").

As support for their objection, the Capstone Defendants rely on the arguments that they raise in their Motion to Seal.  In that motion, they seek an order of this Court pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rule 9018-1 of the Local Rules (i) directing the Trustee to file under seal the Audited Financial Statements and the Trustee Costco Documents, and (ii) authorizing the Capstone Defendants to file under seal five Costco-related documents that they argue they are required to keep confidential pursuant to the terms of

8

agreements that they have with Costco (the "Capstone Defendants Costco Documents"). The Trustee filed an objection to the Motion to Seal. *See* Trustee Objection.

After the Capstone Defendants filed the Capstone Defendants Objection and the Motion to Seal, their counsel, together with Trustee's counsel, conferred with counsel to Costco. By letter dated October 31, 2023 (the "October 31 Letter"),[15] the Capstone Defendants' counsel advised the Court that, based on those communications, the Capstone Defendants no longer seek authorization to file the Capstone Defendants Costco Documents under seal and no longer seek an order directing the Trustee to file the Trustee Costco Documents under seal.

Accordingly, the sole matter at issue in both the Trustee Motion and the Motion to Seal is whether the Capstone Defendants have met their burden under section 107(b) of the Bankruptcy Code of demonstrating that the Court should direct the Trustee to file the Audited Financial Statements under seal.

### **Applicable Legal Principles**

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). That right is "a principle long-recognized in the common law and buttressed by the First Amendment" and is recognized as having "special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.)*, 422 F.3d 1, 7 (1st Cir. 2005) (quoting *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999)). Indeed, "[t]he public interest in openness of court proceedings is at its zenith when issues concerning the

---

[15] *Letter Dated October 31, 2023*, AP ECF No. 111.

9

integrity and transparency of bankruptcy court proceedings are involved . . . ." *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

Section 107 of the Bankruptcy Code codifies the public's right to access documents filed of record in cases under the Bankruptcy Code. *Cooperativa de Ahorro y Credito Abraham Rosa v. Pub. Corp. (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico)*, 406 F. Supp. 3d 180, 186 (D.P.R. 2019). It sets forth the "framework for determining whether a paper filed in a bankruptcy case is available to the public or subject to protection." *In re Gitto Glob. Corp.*, 422 F.3d at 7–8. Section 107(a) states the general rule that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). However, the public's right of access to judicial documents under section 107(a) is not absolute; it is subject to the exceptions set forth in section 107(b) of the Bankruptcy Code. Section 107(b) states:

> (b)  On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)  protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)  protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b); *see also In re Purdue Pharma*, 632 B.R. 34, 39 (S.D.N.Y. 2021) ("[T]he plain meaning of 11 U.S.C. § 107(a) mandates that *all* papers filed in a bankruptcy case are public records open to examination unless the court decides to protect information in them under § 107(b)."). Bankruptcy Rule 9018 is the corollary rule to section 107. It provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a

trade secret or other confidential research, development, or commercial information . . . contained in any paper filed in a case under the Code.

Bankruptcy Rule 9018.[16]

The term "commercial information," as used in section 107(b), is not defined in the Bankruptcy Code. It is generally accepted that it means "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the party seeking to seal the information. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (quoting *Ad Hoc Protective Comm. for 10 1/2 % Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)); *see also In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) ("In order for a document to be sealed, it must contain information implicating the movant's business operations." (citing *In re Orion Pictures Corp.*, 21 F.3d at 27)).

Commercial information need not rise to the level of a trade secret to qualify for protection under section 107(b), but the information must be "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors." *In re*

---

[16] Local Rule 9018-1 states:

(a) Unless otherwise required by these Local Rules, the Bankruptcy Rules, the Bankruptcy Code, or order of this Court, requests to file under seal must consist of two parts: (i) a motion to seal and (ii) the documents to be sealed.
(b) The motion to seal must include:
  (1) the grounds for sealing;
  (2) the identity of any parties other than the moving party who will have access to the documents to be sealed;
  (3) the duration of the seal;
  (4) the time when the movant will either unseal the documents or retrieve the documents at the conclusion of the matter;
  (5) a redacted copy of the documents sought to be sealed with only those redactions necessary to preserve confidentiality, made in good faith; and
  (6) a proposed order that contains language indicating the order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the documents, or any part thereof.
(c) Upon filing the motion to seal, the moving party must hand deliver a copy of the motion to seal and the unredacted documents sought to be sealed to the Clerk's Office. The documents must be conspicuously marked "FILED UNDER PENDING MOTION TO SEAL."

11

*Barney's, Inc.*, 201 B.R. 703, 708–09 (Bankr. S.D.N.Y. 1996) (citing *In re Orion Pictures Corp.*, 21 F.3d at 28); *see also Gowan v. Westford Asset Mgmt. LLC* (*In re Dreier LLP*), 485 B.R. 821, 823–24 (Bankr. S.D.N.Y. 2013) ("The 'commercial information' exception [in section 107(b)(1)] is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake. Instead, it protects parties from the release of information that could cause them harm or give competitors an unfair advantage.").

The exceptions set forth in section 107(b) to the right of public access to filed documents are narrow. *In re Orion Pictures Corp.*, 21 F.3d at 27 ("Congress, itself, has recognized that under compelling or extraordinary circumstances, an exception to the general policy of public access is necessary."); *see also In re Nw. Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007) (citing *In re Orion Pictures Corp.*, 21 F.3d at 27 (noting narrowness of Second Circuit's definition of "commercial" in section 107(b))). However, by the plain language of the statute, "once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), 'the court is *required* to protect a requesting party and has no discretion to deny the application.'" *In re Borders Group, Inc.*, 462 B.R. at 47 (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27).

The statute does not direct a form of protection. Accordingly, where such protection is warranted, a court has discretion to determine how to best protect information under section 107(b). *In re Borders Group, Inc.*, 462 B.R. at 47; *see also Gitto*, 422 F.3d at 9 ("It is true that § 107(b)(2) speaks of protection in general terms rather than of wholesale sealing, and that courts must therefore exercise some discretion in determining what form of protection to grant."). Still, "[r]edacting documents to remove only protectable information is preferable to wholesale sealing. The policy favoring public access supports making public as much information as possible while

still preserving confidentiality of protectable information." *In re Borders Group*, 462 B.R. at 47; s*ee also In re Glob. Crossing Ltd.*, 295 B.R. 720, 726 (Bankr. S.D.N.Y. 2003) (holding that a protective order would be "'narrowly tailored' so as to allow as much public access as possible").

The moving party bears the burden of demonstrating that the information it is seeking to protect from public viewing is both commercial and confidential. *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012); *see also In re Nw. Airlines Corp.*, 363 B.R. at 706. "Since the sealing of records runs contrary to the strong policy of public access, only clear evidence of impropriety can overcome the presumption and justify protection . . . ." *Togut v. Deutsche Bank AG (In re Anthracite Cap., Inc.)*, 492 B.R. 162, 174 (Bankr. S.D.N.Y. 2013) (quoting *Chase v. Chase (In re Chase)*, No. 08-1128, 2008 WL 2945997, at *6 (Bankr. S.D.N.Y. July 25, 2008)).

## Discussion

In filing her motion, and as required by the AP Confidentiality Agreement, the Trustee gave the parties subject to the AP Confidentiality Agreement notice of her intention to file the Trustee SJM Exhibits in support of the Trustee SJM. No party in interest, other than the Capstone Defendants, responded to the Trustee Motion. Pursuant to the Motion to Seal and the Capstone Defendants Objection, the Capstone Defendants sought orders of the Court, among other things, (i) authorizing them to file the Capstone Defendants Costco Documents under seal; and (ii) directing the Trustee to file the Trustee Costco Documents under seal. Motion to Seal ¶¶ 11, 21, 24; Capstone Defendants Objection ¶ 12 (incorporating Motion to Seal by reference).

Thereafter, with Costco's consent, the Capstone Defendants withdrew that portion of their objection and the Motion to Seal. *See* October 31 Letter.

Accordingly, there is no opposition to the Trustee's Motion, except for the Capstone Defendants' request to seal Trustee SJM Exhibit 12. On that basis, the Court grants the Trustee leave to file on the Court's electronic case filing system unredacted copies of the Trustee SJM Exhibits (except Trustee SJM Exhibit 12), redacted solely with respect to: (a) social security numbers and taxpayer identification numbers; (b) an individual's date of birth; (c) a minor's name; and (d) financial account numbers, as provided by Bankruptcy Rule 9037. *See* Trustee Motion at 1–2. Moreover, the Court denies, as moot, the Capstone Defendants' request for an order directing the Trustee to file the Trustee Costco Documents under seal, and their request to file the Capstone Defendants Costco Documents under seal. *See* Motion to Seal ¶¶ 11, 21, 24.

As support for the Motion to Seal, the Capstone Defendants assert that the Audited Financial Statements constitute confidential commercial information within the meaning of section 107(b)(1). *Id.* ¶¶ 16–17. They say that the financial statements "contain confidential and commercially sensitive material that, if exposed, would harm [their] business." *Id.* ¶ 17. They also maintain that the public should not be allowed to view the Audited Financial Statements because "the overwhelming majority of the [Audited] Financial Statements, while commercial [sic] sensitive in nature, have absolutely no bearing on the matters at issue in the 2020 Adversary Proceeding, much less the Summary Judgment Motions . . . ." *Id.* ¶ 19. They submitted neither facts nor case law to support these contentions.

In opposing the Motion to Seal, and in support of the Trustee Motion, the Trustee contends that the Audited Financial Statements do not constitute confidential commercial information

14

within the meaning of section 107 of the Bankruptcy Code. Trustee Objection ¶¶ 13, 18; Trustee Motion ¶ 20. The Trustee asserts that while the information contained in a company's financial statements may provide its customers and creditors reasons why they should not conduct business with the company, financial statements generally do not contain "confidential" details about a company's operations that a competitor could use against it. Trustee Objection ¶ 13; *see also* Trustee Motion ¶ 29 ("While the information in the audited financial statements might be prejudicial, or even embarrassing, those are not grounds to cause restricted access to the documents.").

The Trustee also disputes the Capstone Defendants' assertion that the Audited Financial Statements do not bear on the matters at issue in this adversary proceeding. Trustee Objection ¶ 15. According to the Trustee, the Audited Financial Statements show that the SRA is a financing agreement, since those statements (i) demonstrate that the Capstone Defendants are providers of either financing or factoring services and (ii) lack information that would have been present if the Capstone Defendants had conducted any business as an apparel company with Level 8. *Id.* ¶¶ 16–17.

On November 2, 2023, the Court heard arguments on the Motions. At that time, the Trustee, through her counsel, advised the Court that the Trustee has determined that certain information contained in the Audited Financial Statements for 2020 and 2021 constitute confidential commercial information that is protected from disclosure under section 107(b)(1) of the Bankruptcy Code. To summarize, that information (the "Commercial Information") principally consists of: (i) the dollar amounts corresponding to the line items (but not the line items themselves) in the various Balance Sheets and Statements of Operations and Changes in Members' Equity for the years ended December 31, 2020 and 2021, and (ii) dollar amounts corresponding to

15

matters discussed/described in the Notes to Combined Balance Sheets section for 2020 and 2021. The Trustee advised that in reaching that conclusion, with the advice of Ronald G. Quintero, her expert, and in consultation with her counsel and counsel to the Capstone Defendants, she determined that, given the nature of the Commercial Information, the disclosure of such information could unfairly advantage the Capstone Defendants' competitors. However, the Trustee denies that the information corresponding to the Commercial Information for the years 2015–19 merits protection from disclosure under section 107(b). In substance, she contends that the information from the earlier years is too stale to present a realistic risk that its release would allow the Capstone Defendants' competitors to gain an unfair benefit at the Capstone Defendants' expense. Thus, in her motion, as modified on the Record, the Trustee seeks leave of the Court to file the Audited Financial Statements on the Court's electronic filing system, redacted only to the extent set forth above relating to the years ended December 31, 2020 and 2021. The Court has reviewed the Commercial Information and finds that the Trustee has demonstrated that it constitutes confidential commercial information under section 107(b) of the Bankruptcy Code.

At the argument on the motions, the Capstone Defendants, through their counsel, asserted that the entirety of the Audited Financial Statements constitute confidential commercial information and should be filed under seal pursuant to section 107(b). However, they made no effort in their papers or at argument to substantiate their assertion that the information in the Audited Financial Statements would unfairly benefit their competitors.

In the wake of the Trustee's concessions regarding the Commercial Information in the financial statements for the years 2020 and 2021, the Capstone Defendants urged the Court to direct the redaction of the Audited Financial Statements for the years 2015–19 to the same extent as the Audited Financial Statements for the years 2020 and 2021. However, the Capstone

16

Defendants offered no evidence to demonstrate that the Audited Financial Statements for the years 2015–19 constitute confidential commercial information. At best, their counsel provided only conclusory statements regarding the information's commercial importance. However, like statements made by lawyers in briefs, statements made by lawyers at argument are not evidence. *Cf. Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."). The Capstone Defendants have not met their burden of demonstrating that any of the information contained in the Audited Financial Statements for the years ended December 31, 2015–19 is "confidential commercial information" or is otherwise protected from disclosure under section 107(b) of the Bankruptcy Code.

## Conclusion

The Court denies the Motion to Seal, grants the Trustee Motion as modified on the Record, and authorizes the Trustee to file the Audited Financial Statements with the redactions set forth by Trustee's counsel on the Record. Counsel to the Trustee and Capstone Defendants will meet and confer on the form of an order to include, as an exhibit, the Audited Financial Statements redacted as set forth herein.

**SUBMIT AN ORDER.**

Dated: New York, New York
       November 11, 2023

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge